**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-2036**

─────────────

PAUL J. MEYERS,

                                    Plaintiff - Appellant,

        versus

CARL J. LEVINSON, M.D.,

                                    Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Jerome B. Friedman,
District Judge. (CA-02-9-JBF-JEB)

─────────────

Argued: May 24, 2006               Decided:  June 21, 2006

─────────────

Before KING and SHEDD, Circuit Judges, and Joseph R. GOODWIN,
United States District Judge for the Southern District of West
Virginia, sitting by designation.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Nicholas Kadar, Cranbury, New Jersey, for Appellant.   Robert Lee
Harris, Jr., LECLAIR RYAN, P.C., Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Dr. Paul Meyers filed this diversity action against Dr. Carl Levinson alleging defamation. Specifically, Dr. Meyers contends that Dr. Levinson is liable for republication of a peer review report that Dr. Levinson authored for Dr. Meyers' employer, Riverside Regional Medical Center ("Riverside"). In a thorough opinion, the district court granted Dr. Levinson's motion for summary judgment, concluding that the dissemination of the report to Riverside's Fair Hearings Board did not create a new cause of action under the single publication rule and, therefore, was time-barred under Virginia law. See Semida v. Rice, 863 F.2d 1156, 1161 (4th Cir. 1998) (noting that substantially contemporaneous distributions of a document within the same organization to individuals with a direct interest in the matter "should be considered part of an aggregate communication for purposes of applying the single publication rule"). The district court further determined that the distribution of the report to Mary Immaculate Hospital was not authorized by Dr. Levinson, nor was it the "natural and probable result" of Dr. Levinson's action. See Weaver v. Beneficial Finance Co., 98 S.E.2d 687, 692 (Va. 1957) (stating that an original defamer is liable for republications that are the "natural and probable result" of the defamer's actions). Dr. Meyers appeals both of these determinations.

2

Having reviewed, de novo, the parties' briefs and the applicable law, and having had the benefit of oral argument, we affirm the grant of summary judgment on the reasoning of the district court. See Meyers v. Levinson, No. 4:02-cv-00009 (E.D. Va. July 26, 2005).

AFFIRMED